UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA P. JOHNSON

       Plaintiff,                             Civil Action No. 14-CV-12777
                                           HON. BERNARD A. FRIEDMAN

vs.

MICHIGAN ATTORNEY
GENERAL'S OFFICE, et al.,

       Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

This matter is presently before the Court on plaintiff's application to proceed *in forma pauperis* [docket entry 2]. For the following reasons, the Court shall (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because it is frivolous and/or fails to state a claim upon which relief may be granted.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed *in forma pauperis* makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it

        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if it is "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios."  *Id.* at 327-28.  To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).  Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the Court lacks jurisdiction because the complaint challenges a state court order collaterally.  Plaintiff explicitly seeks to "overturn the court decision in probate court and let [her] reunite with her children." Compl. at 2.  Collateral attacks on state court decisions, however, are barred by the *Rooker-Feldman* doctrine.  As the United States Court of Appeals for the Sixth Circuit has explained:

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983), the Supreme Court held that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257.  *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504, 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine.  *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 68 L. Ed. 362, 44 S. Ct. 149 (1923). The *Feldman* Court stated that "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in this Court." *Feldman*, 460 U.S. at 486; *see also Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).  In a more recent decision, the Supreme Court restated the doctrine as follows: "under [the doctrine] a party losing in state court is barred from  seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state  judgment itself violates the

-2-

loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

*Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936-937 (6th Cir. 2002) (footnote omitted).

Thus, plaintiff's attack on the state court order is clearly barred by the *Rooker-Feldman* doctrine.  If plaintiff wishes to challenge the state court's order, she must pursue whatever remedies are available to her in the state courts.  Absent specific statutory authority, the United States District Court may not review state court orders.  Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed *in forma pauperis* is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

                                        S/ Bernard A. Friedman_____
Dated: July 21, 2014                    BERNARD A. FRIEDMAN
       Detroit, Michigan                SENIOR UNITED STATES DISTRICT JUDGE

-3-